FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 17 2016

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 6:16CR 4/6 |
| HUBERT WRIGHT (01) | § | SEALED |
| JOHN WAYNE SMITH (02) | § | |
| NYREARAE LEWIS (03) | § | |
| KEVIN WILLIAMS (04) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute Cocaine)

Beginning at a time unknown to the Grand Jury and continuing up to and through May 19, 2016, in Smith County, Texas, in the Eastern District of Texas and elsewhere, **Hubert Wright** and **John Wayne Smith**, defendants charged herein, did knowingly and intentionally, conspire, confederate, and agree with one another and others, known and unknown to the grand jury, to violate a law of the United States, to wit, 21 U.S.C. § 841(a)(1), prohibiting the knowing and intentional possession, with intent to distribute, a controlled substance; to-wit: 50 kilograms or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, all in violation of 21 U.S.C. § 846.

## Count Two

> Violation: 21 U.S.C. § 841(a)(1)
> (Possession with Intent to Distribute Cocaine)

On or about April 14, 2016, in Smith County, Texas, in the Eastern District of Texas, **Hubert Wright**, defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a Schedule II controlled substance, namely approximately 15 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## Count Three

> Violation: 21 U.S.C. § 841(a)(1)
> (Possession with Intent to Distribute Cocaine)

On or about April 27, 2016, in Smith County, Texas, in the Eastern District of Texas, **Hubert Wright**, defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a Schedule II controlled substance, namely approximately 56 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## Count Four

                                                    Violation: 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute Cocaine)

Beginning at a time unknown to the Grand Jury and continuing up to and through May 5, 2016, in Smith County, Texas, in the Eastern District of Texas and elsewhere, **Hubert Wright, Kevin Williams,** and **Nyareare Lewis**, defendants charged herein, did knowingly and intentionally, conspire, confederate, and agree with one another and others, known and unknown to the grand jury, to violate a law of the United States, to wit, 21 U.S.C. § 841(a)(1), prohibiting the knowing and intentional possession, with intent to distribute, a controlled substance; to-wit: 153 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, all in violation of 21 U.S.C. § 846.

## Count Five

                                                    Violation: 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute Cocaine)

On or about May 5, 2016, in Smith County, Texas, in the Eastern District of Texas, **Kevin Williams,** and **Nyareare Lewis**, defendants herein, did knowingly and intentionally possess with intent to distribute, a Schedule II controlled substance, namely approximately 153 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## Count Six

> Violation: 21 U.S.C. § 841(a)(1)
> (Possession with Intent to Distribute Cocaine)

On or about May 12, 2016, in Smith County, Texas, in the Eastern District of Texas, **Hubert Wright**, defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a Schedule II controlled substance, namely approximately 59 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## Count Seven

> Violation: 18 U.S.C. § 924(c)(1)(A)
> (Possession of a Firearm during Drug Trafficking)

On or about May 12, 2016, in Smith County, Texas, in the Eastern District of Texas, **Hubert Wright**, defendant herein, did knowingly use, carry, and possess a firearm, namely, an IWI, model Desert Eagle, semi-automatic, pistol, bearing serial number 31205471, during, in relation to, and in furtherance of, a drug trafficking crime for which said defendant may be prosecuted in a court of the United States, to wit: Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), all in violation of 18 U.S.C. § 924(c)(1)(A).

## Count Eight

                                Violation: 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm)

On or about May 12, 2016, in Smith County, Texas, in the Eastern District of Texas, **Hubert Wright**, defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: Aggravated Assault, in Cause no. 1-89-129, in the 241st District Court in and for Smith County, Texas on October 13, 1989, did knowingly and unlawfully possess in and affecting commerce, a firearm, to wit: a semiautomatic, pistol, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## Count Nine

                                  Violation: 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute Cocaine)

On or about May 12, 2016, in Smith County, Texas, in the Eastern District of Texas, **John Wayne Smith**, defendant herein, did knowingly and intentionally possess with intent to distribute, a Schedule II controlled substance, namely approximately 34 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## Count Ten

           Violation: 21 U.S.C. § 841(a)(1)
           (Possession with Intent to Distribute
           Cocaine)

On or about May 18, 2016, in Smith County, Texas, in the Eastern District of Texas, **Hubert Wright**, defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a Schedule II controlled substance, namely approximately 31 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## Count Eleven

           Violation: 21 U.S.C. § 841(a)(1)
           (Possession with Intent to Distribute
           Cocaine)

On or about May 19, 2016, in Smith County, Texas, in the Eastern District of Texas, **Hubert Wright**, defendant herein, did knowingly and intentionally possess with intent to distribute, a Schedule II controlled substance, namely approximately 2.4 kilograms or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

## Count Twelve

Violation: 18 U.S.C. § 924(c)(1)(A) (Possession of a Firearm during Drug Trafficking)

On or about May 19, 2016, in Smith County, Texas, in the Eastern District of Texas, **Hubert Wright**, defendant herein, did knowingly use, carry, and possess a firearm, namely, a Mak-90 Sporter Rifle, bearing serial number 94133154, a Llama, model Super Comanche, revolver, bearing serial number RA9454, and an IWI, model Desert Eagle, .50 caliber, semi-automatic, pistol, bearing serial number 31205471, during, in relation to, and in furtherance of, a drug trafficking crime for which said defendant may be prosecuted in a court of the United States, to wit: Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), all in violation of 18 U.S.C. § 924 (c)(1)(A).

## Count Thirteen

Violation: 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm)

On or about May 19, 2016, in Smith County, Texas, in the Eastern District of Texas, **Hubert Wright**, defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: Aggravated Assault, in Cause Number 1-89-129, in the 241st Judicial District Court in and for Smith County, Texas on October 13, 1989, did knowingly and unlawfully possess in and affecting commerce, a firearm, to wit: a Mak-90 Sporter Rifle, bearing serial number 94133154, a Llama, model

Super Comanche, revolver, bearing serial number RA9454, and a an IWI, model Desert Eagle, .40 caliber, semi-automatic, pistol, bearing serial number 31205471, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

# NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

## Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c)

As the result of committing one or more of the foregoing offenses alleged in this indictment, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c):

1. Any property constituting, or derived from, and proceeds the defendant obtained, directly or indirectly, as the result of such violations, including, but not limited to the following: $63,103.00 in U.S. currency seized on May 12, 2016, $335,095.00 in U.S. currency seized on May 19, 2016, seven wrist watches in a protective case, a Toshiba, laptop computer, an HP Pavilion, Desktop Computer, model 775e, and a memory card, and/or;

2. Any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations, including, but not limited to the following: Lot 2, Block 295A, South Park Heights Subdivision, Pin No. R0533316, Acct. No. 1-50000-0295-01-00200; also known as: 508 W. Fourth Street, Tyler, Texas 75701; a night vision firearm accessory, a LG brand cell phone, a Verizon brand cell phone, a currency counter, a large scale, and/or;

3. Any and all firearms, ammunition, and accessories seized from the defendant, including but not limited to the following:

A. a Colt Mark IV Pistol, bearing serial number FA13394
B. a Winchester, model 1300, shotgun, bearing serial number L2500690,
C. a Mak-90 Sporter Rifle, bearing serial number 94133154,
D. a Llama, model Super Comanche, revolver, bearing serial number RA9454, with ammunition,
E. an IWI, model Desert Eagle, semi-automatic, pistol, bearing serial number 31205471, with ammunition,
F. two semi-automatic pistol magazines with ammunition,
G. eight shotgun cartridges,
H. semi-automatic rifle magazine with ammunition,
I. a semi-automatic pistol box containing a pistol magazine and ammunition,
J. a box containing assorted types of ammunition,
K. a bag containing assorted types of ammunition,
L. assorted types of ammunition,

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal, owned by the defendant.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853,

and 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson of the Grand Jury

8/17/16
Date

JOHN M. BALES
UNITED STATES ATTORNEY

_____
JIM NOBLE
ASSISTANT U. S. ATTORNEY
110 N. College, Suite 700
Tyler, Texas 75702
(903) 590-1400
(903) 590-1439 (facsimile)
Texas State Bar No. 15050100
James.Noble@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:16CR___ |
| | § | |
| HUBERT WRIGHT (01) | § | |
| JOHN WAYNE SMITH (02) | § | |
| NYREARAE LEWIS (03) | § | |
| KEVIN WILLIAMS (04) | § | |

## NOTICE OF PENALTY

### Count One

Violation: 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii)
(Conspiracy to Distribute Cocaine)

Penalty: Not less than 10 years or not more than life imprisonment, a fine not to exceed $4 million - supervised release of at least 5 years;

Special Assessment: $100

### Counts Two, Three, Five, Six, Nine, and Ten

Violation: 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)
(Possession with Intent to Distribute Cocaine)

Penalty: A fine of not more than $1,000,000.00, imprisonment for a term of not more than twenty (20) years, or both; and a period of supervised release of at least three (3) years. If the defendant has a prior conviction for a felony drug offense, then the maximum fine increases to $2,000,000.00 and the maximum term of imprisonment increases to thirty (30) years, or both; and the minimum term of supervised release increases to six (6) years.

Special Assessment: $100

## Count Four

Violation: 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C)
(Conspiracy to Distribute Cocaine)

Penalty: A fine of not more than $1,000,000.00, imprisonment for a term of not more than twenty (20) years, or both; and a period of supervised release of at least three (3) years. If the defendant has a prior conviction for a felony drug offense, then the maximum fine increases to $2,000,000.00 and the maximum term of imprisonment increases to thirty (30) years, or both; and the minimum term of supervised release increases to six (6) years.

Special Assessment: $100

## Counts Seven and Twelve

Violation: 18 U.S.C. § 924(c)(1)(A)
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

Penalty: Imprisonment not less than five (5) years [to be served consecutively to the underlying offense] and up to life, a fine of up to $250,000.00, or both; a term of supervised release of at least two (2) years. If the defendant has a prior conviction for this offense, the minimum term of imprisonment increases to twenty-five (25) years.

Special Assessment: $100

## Counts Eight and Thirteen

Violation: 18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm)

Penalty: A fine of not more than $250,000.00; imprisonment for not more than ten (10) years; a term of supervised release of not more than three (3) years. 18 U.S.C. § 924(a)(2).

Special Assessment: $100

## Count Eleven

| | |
|---|---|
| Violation: | 21 U.S.C.§§ 841(a)(1) and 841(b)(1)(B) (Possession with Intent to Distribute Cocaine) |
| Penalty: | A fine of not more than $5,000,000.00, imprisonment for a term of not less than five (5) years nor more than forty (40) years, or both; and a period of supervised release of at least four (4) years. |
| Special Assessment: | $100 |